[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION POST-JUDGMENT MOTION FOR CUSTODY ANDVISITATION (#147)
The parties' marriage was dissolved on February 14, 1996. At the time, in accordance with the stipulation of the parties, the court bifurcated the trial and reserved jurisdiction over the issues of custody and visitation of the two minor children of the parties until an independent evaluation of the family had been completed by Doctor Ronald Naso, a clinical psychologist. The children are Hannah Christie, born September 12, 1991, and Samuel Dickson, born November 19, 1993.
The court conducted a hearing on the issues of custody and visitation on May 5, 1998. Dr. Naso was present and testified. His report with an addendum were entered as exhibits. The parties were present and each submitted testimony.
The parties have agreed to joint legal custody with the plaintiff having physical custody. Their disagreement is the amount of time the defendant can spend with the children.
Dr. Naso's testimony was that the defendant still is angry about the plaintiff's decision to obtain a divorce and as a result is very aggressive verbally when dealing with the plaintiff. Therefore, the doctor's recommendations were to start the visitation schedule somewhat restricted, because of the parties' inability to communicate, and increase the visitation in the future when the ability of the parties to communicate has improved. The court believes it is in the best interests of the children to follow the recommendations of Dr. Naso.
The parties have agreed to use the services of a mediator to deal with future disputes on issues concerning the children. The court concurs with their agreement. If the parties can not agree on a mediator by June 10, 1998, each shall submit the name of a CT Page 5528 proposed mediator, in writing, to the court, and the court will designate the mediator.
The following orders may enter:
(1) The parties shall have joint legal custody of Christie and Sam. The plaintiff/mother shall have physical custody.
(2) Both parents shall discuss and try to reach agreement on matters such as the children's education, camp and non-routine or serious medical treatment. In the event the parties are unable to agree, the plaintiff/mother shall have the authority to make decisions on day-to-day matters without the defendant's consent. The defendant shall be informed by the plaintiff as to the decisions made affecting the children.
 The defendant/father shall have daily telephone access to the children. The access shall be for fifteen minutes in the evening at an agreed time. If the parties are unable to agree, it shall be between 7 and 8 p. m.
(3) The defendant/father shall have visitation in accordance with the following schedule:
 (a) The first and third weekend of each month from Friday at 6:30 p. m. to Sunday at 7:00 p. m. In the event there is a fifth weekend in the month, the defendant/father shall have visitation on that weekend.
 (b) Every Wednesday evening (if possible) from 6:30 p. m. until 8:30 p. m.
(c) The holiday schedule shall be as follows:
 (i) Easter: The parties shall alternate having the children with them for the Easter holiday defined as Thursday (before Good Friday) after school until Easter Sunday at 8:30 p. m., when the children are returned to the home of the parent who would have them according to the routine schedule. The father shall have the holiday in even numbered years, and the mother shall have the holiday in odd numbered years.
 (ii) Thanksgiving: The parties shall alternate the Thanksgiving holiday defined as Wednesday after school until the CT Page 5529 Monday after the holiday, at which time the children shall be returned by 8:30 a.m. The father shall have the holiday in odd numbered years, and the mother shall have the holiday in even numbered years.
 (iii) Christmas: In odd numbered years, the mother shall have the children with her for Christmas Eve and Christmas Day until noon, and the father shall have the children with him from noon on Christmas Day until 9:00 a.m. December 26th. Starting at 9:00 a.m. on December 26th, the mother shall have the children with her until January 2nd, at which time the regular schedule resumes. In even numbered years the father shall have the children with him for Christmas Eve and Christmas Day until noon, and the mother shall have the children with her from noon on Christmas Day until 9:00 a.m. on December 26th. Starting at 9:00 a.m. on December 26th, the father shall have the children with him until January 2nd, when he shall return them to the mother at or before 8:30 a.m.
 (iv) The parents agree to share equally each of the children's winter and spring school vacations until such time as the children are of sufficient age (approximately age 7) to spend the entire vacation with one parent, in which case the vacations shall be alternated.
 (v) The father shall have the children for four weeks during the summer, however, no more than two weeks shall be consecutive.
 (vi) The holiday and vacation schedule shall supersede the regular weekly visitation schedule.
(4) In the event a dispute arises as to a significant issue concerning the children, the dispute shall be referred to a mediator for mediation. In the event the mediation is unsuccessful, the matter shall be submitted to Superior Court for final resolution. The cost of the mediation shall be shared by the parties on an equal basis.
(5) The general terms and conditions of the custody stipulation attached to the parties Separation Agreement as Exhibit A shall remain in full force and effect. CT Page 5530
(6) The defendant/father shall reimburse the plaintiff/mother the sum of $600 which represents the fee of Dr. Naso which was paid by the plaintiff. The payment shall be made no later than June 1, 1998.
Judgment may enter accordingly.
NOVACK, J.